**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4964**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER BOYCE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00066)

---

Submitted:    June 8, 2007          Decided:  July 9, 2007

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Boyce entered a conditional plea of guilty to one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000). Boyce was sentenced by the district court to ninety-seven months' imprisonment. Finding no error, we affirm.

On appeal, Boyce argues the district court erred in denying his motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Boyce initially contends that law enforcement officers violated the Fifth Amendment by questioning him at the door of his residence without first advising him of his Miranda* rights. Law enforcement officers, however, are not required to administer Miranda warnings to everyone they question or suspect. Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam). Rather, Miranda is only implicated when officers question an individual who is "in custody." Id. at 494-95. An individual "is 'in custody' for purposes of receiving Miranda protection . . . [when] there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S.

---

*Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

1121, 1125 (1983) (per curiam) (quoting Mathiason, 429 U.S. at 495).  Thus, when reviewing whether a suspect was "in custody" at the time of law enforcement questioning, two inquiries are essential: "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt that he or she was not at liberty to terminate the interrogation and leave."  Thompson v. Keohane, 516 U.S. 99, 112 (1995) (footnote omitted).

We conclude Boyce was not in custody.  He was not handcuffed or otherwise restrained.  Boyce was questioned by law enforcement officers at the door of his residence, in the presence of another adult—his wife.  Nothing in the joint appendix suggests that the officers ever drew their weapons, were antagonistic towards Boyce, or informed him that he was not free to end the interview.  Though Boyce suggests that the officers improperly sought to obtain consent to search and travelled to Boyce's residence expecting to make an arrest, the officers' "unarticulated plan," if any, is irrelevant to the issue of whether Boyce was in custody.  Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  Thus, under these circumstances, we conclude a reasonable person in Boyce's position would not have considered the restraint on his freedom of movement comparable to that associated with formal arrest.

Boyce also contends that law enforcement officers violated his Sixth Amendment right to counsel. He argues that because he was represented by counsel in pending, unrelated charges, law enforcement personnel could not question him without counsel present. However, the Sixth Amendment right to counsel is offense specific. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991); see also, United States v. Kennedy, 372 F.3d 686, 692 (4th Cir. 2004). "It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced . . . ." McNeil, 501 U.S. at 175. As law enforcement officers were investigating an alleged offense wholly unrelated to the charges for which Boyce was represented, Boyce's right to counsel had not yet attached and, consequently, there was no Sixth Amendment violation. Thus, the district court's denial of Boyce's motion to suppress was proper.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED